**UNITED STATES of America,**

v.

**Christopher REESE, Defendant.**

**No. 12 Cr. 629(VM).**

United States District Court,
S.D. New York.

Aug. 6, 2013.

---

**27.** *Anthem,* 302 F.3d at 1049.

Micah William Janso Smith, U.S. Attorney's Office, New York, NY, for United States of America.

Allan Paul Haber, Law Office of Allan P. Haber, Ronald Leon Garnett, Law Offices of Ronald L. Garnett, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

At the trial of this case the jury found defendant Christopher Reese ("Reese") guilty of: (a) one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1344; (b) one count of bank fraud in violation of 18 U.S.C. § 1344; (c) one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343 ("Count Three"); and (d) one count of aggravated identity theft in violation of 18 U.S.C. § 1028A ("Count Four"). By notice of motion dated June 24, 2013 and supporting documents, Reese seeks a new trial on Count Three and Count Four of the superseding indictment. (*See* Dkt. Nos. 98, 99 & 100.[1]) Reese argues that the Government unlawfully suppressed impeachment evidence by failing to provide him and his defense counsel with access to text messages that he contends could be used to impeach one of the prosecution witnesses, Norelis Reyes ("Reyes"). According to Reese, the Government provided him with this evidence on a compact disc that he could not access prior to trial. In response, the Government argues that Reese's motion should be denied because he and his counsel were actually given access to the evidence at issue and that Reese was not prejudiced by the inability to impeach Reyes due to the volume of additional evidence against him. (*See* Dkt. No. 106.)

The Court is not persuaded that the text message evidence at issue was unlawfully suppressed. Under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), the Government is obligated to disclose exculpatory and impeachment evidence to the defendant. However, the Second Circuit has held that "[e]vidence is not considered to have been suppressed within the meaning of the *Brady* doctrine if the defendant or his attorney either knew, or should have known, of the essential facts permitting him to take advantage of that evidence." *United States v. Paulino,* 445 F.3d 211, 225 (2d Cir.2006). Furthermore, establishing a *Brady* violation requires that there be prejudice such that there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Madori,* 419 F.3d 159, 169 (2d Cir.2005). A new trial "is generally not required when the testimony of the [impeached] witness is corroborated by other testimony." *United States v. Payne,* 63 F.3d 1200, 1210 (2d Cir.1995) (internal quotation marks omitted).

The text messages at issue here were not improperly suppressed under the meaning of *Brady* because, contrary to Reese's assertion, the Government had provided his attorney with the digital file containing the text messages in question, via email as well as by compact disc. (*See* Dkt. No. 106 at 2.) This circumstance alone is sufficient reason why Reese's motion must be denied. Furthermore, the Court finds that even if the evidence had been suppressed, Reese would not have been prejudiced due to the volume of additional

---

**1.** Reese subsequently re-submitted his notice of motion and supporting affidavit to the Court, which was docketed on July 29, 2013. (*See* Dkt. No. 107.)

compelling evidence against him besides Reyes' testimony. On numerous prior occasions, this Court, in repeatedly denying Reese's multiple motions for a judgment of acquittal, ruled that there was overwhelming evidence at trial supporting the jury's guilty verdict on all counts. (*See* Dkt. Nos. 82 & 94.)

For the reasons discussed above it is hereby

**ORDERED** that the motion (Dkt. No. 98) of defendant Christopher Reese for a new trial is **DENIED.**

**SO ORDERED.**